# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TARA DORSEY,** | : | **CIVIL NO. 1:16-CV-588** |
| **Plaintiff** | : | |
| v. | : | **Magistrate Judge Carlson** |
| **PENNSYLVANIA DEPARTMENT** | : | |
| **OF CORRECTIONS, et. al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

### I.  INTRODUCTION

Plaintiff, Tara Dorsey, a former inmate at both SCI-Muncy and SCI-Cambridge Springs, filed a complaint on April 8, 2016, pursuant to 42 U.S.C. §1983 claiming that the Pennsylvania Department of Corrections ("DOC") as well as several other prison officials and independent contractors violated her Eighth Amendment rights. Dorsey argues that while she was incarcerated, she experienced issues with her spinal cord simulator. Despite Dorsey's numerous requests for medical care, Dorsey argues that prison officials were deliberately indifferent to her serious medical needs and denied her appropriate treatment. Dorsey further alleges that the named defendants conspired to deprive her of her constitutional right to medical care.

Pending before this Court are three motions to dismiss filed by defendants (1) Wexford Health Services, Inc., (2) Dr. Gregory Famiglio and Corizon Health Inc., and (3) Dr. Paul Noel, Christopher H. Oppman, Director Przybrowski, Robert Smith, John Wetzel, and Joyce Wilkes.[1] The defendants raise two threshold dispositive issues in support of their motions to dismiss: that Dorsey failed to exhaust her administrative remedies prior to initiating this lawsuit and that the statute of limitations for the Dorsey's claims has run.

Upon consideration, we find that the most prudent course of action in this case is to convert the motions to dismiss, which invite consideration of outside pleadings, into motions for summary judgment. By this order, we are notifying the parties of our intent to convert all three motions to dismiss into motions for summary judgment and to provide the parties with additional time to submit additional materials supporting or opposing summary judgment.

## II. **BACKGROUND**[2]

Prior to her incarceration, Dorsey began suffering from complex regional pain syndrome.[3] As a result, on February 18, 2009, she had a thoracic spinal cord

---

[1] In response to the pending motions to dismiss, the plaintiff has filed a motion seeking additional discovery. As discussed in this order, plaintiff will be given an opportunity to respond. Plaintiff is further instructed to refer to FRCP 56(d), to the extent she continues to believe that she requires specific discovery to respond to the defendants' motions.

[2] The background to this report is taken chiefly from the plaintiff's complaint, and the well-pleaded facts are accepted as true for purposes of addressing the pending motions. (Doc. 1.)

[3] Complex Regional Pain Syndrome is a chronic condition that causes an unexplained feeling of pain and discomfort that most commonly affects an arm, leg, hand or foot. Often, it begins in the

simulator surgically placed in her right lower back, which helped to offset foot pain. When Dorsey began serving her prison time at SCI-Muncy on November 20, 2009, the defendants were notified of her medical condition.

While incarcerated at SCI-Muncy, Dorsey sustained an injury to her lower back, near the site of the simulator, while performing cleaning duties. Dorsey was seen by medical staff at SCI-Muncy in relation to this injury. She expressed to the medical staff that it felt to her as if her simulator had moved, and she could see the simulator bulging through her skin. Following a physical by the staff at SCI-Muncy, Dorsey repeatedly submitted written requests asking that the surgeon who placed the simulator in her back be contacted; those requests were denied. The pain which Dorsey was experiencing continued.

On May 24, 2012, Dorsey was transferred to SCI-Cambridge Springs. After speaking with the medical department at SCI-Cambridge Springs regarding her chronic pain, Dorsey was seen by an outside neurologist, Dr. William Diefenbach. Dr. Diefenbach recommended that Dorsey undergo a CT scan and ultimately have the spinal cord simulator removed. The defendants did not schedule Dorsey for

---

hand or foot and then spreads to affect the entire limb. John Hopkins Medicine Health Library, *Complex Regional Pain Syndrome*, http://www.hopkinsmedicine.org/healthlibrary/conditions/adult/nervous_system_disorders/complex_regional_pain_syndrome_134,103/ (last visited 10/11/2016).

CT scan, nor did they schedule surgery for the removal of her spinal cord simulator.[4]

Two years after her injury, the manufacturer of the simulator was contacted, and the simulator was reprogrammed. This gave Dorsey temporary relief.

Dorsey was released from incarceration in August of 2014. Following her release, Dorsey sought medical care and was advised that the area of her lower back where the simulator was located was so severely damaged that a new simulator could not be placed in that area.

## III. DISCUSSION

The defendants have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and present two central arguments in support of their motions. First, the defendants argue that the complaint must be dismissed because Dorsey did not exhaust all of her administrative remedies. Pursuant to the Prison Litigation Reform Act, 42 U.S.C.A. §1997e(a), "no action shall be brought with respect to prison conditions under §1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." The defendants contend that Dorsey failed to comply with this statutory requirement because she did not

---

[4] In paragraph 33 of the complaint, Dorsey alleges that she had an MRI done while at Cambridge Springs. Dorsey further alleges that MRIs are "ill advised and potentially problematic for individuals with spinal cord simulator[s]."

fully and properly exhaust her claims against each of the defendants through the Pennsylvania Department of Corrections' grievance policy.

Second, the defendants argue that the plaintiffs' claims are barred by the two-year statute of limitations that is applicable to claims brought under 42 U.S.C. § 1983, such as those brought in this case.

### A.   Standard of Review

A motion to dismiss tests the legal sufficiency of a complaint. It is proper for the court to dismiss a complaint in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure only if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, the court "must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). In reviewing a motion to dismiss, a court must "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

In deciding whether a complaint fails to state a claim upon which relief can be granted, the court is required to accept as true all factual allegations in the

complaint as well as all reasonable inferences that can be drawn from the complaint. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994). These allegations and inferences are to be construed in the light most favorable to the plaintiff. *Id.* However, the court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Further, it is not proper to "assume that [the plaintiff] can prove facts that [he] has not alleged. . ." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Following the rule announced in *Ashcroft v. Iqbal*, "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. *Id.* To determine the sufficiency of a complaint under the pleading regime established by the Supreme Court, the court must engage in a three step analysis:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine

>
> whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)(quoting *Iqbal*, 556 U.S. at 675, 679).  "In other words, a complaint must do more than allege the plaintiff's entitlement to relief" and instead must "'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

### B.   Conversion of a Motion to Dismiss

In their motions to dismiss, the defendants have invited the court to consider affirmative defenses and matters from outside of the pleadings, including records that the defendants insist prove that the plaintiff did not exhaust administrative remedies prior to bringing suit.  In most cases, when considering documents outside of the complaint, a court typically should convert a motion to dismiss into a motion for summary judgment.  Rule 12(d) of the Federal Rules of Civil Procedure specifically provides for such conversion as follows:

> If, on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided for in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

This conversion requirement ensures "that the motion is governed by the rule specifically designed for the fair resolution of the parties' competing interests at a

7

particular state of the litigation." *Global Network Communications, Inc. v. City of N.Y.*, 458 F.3d 150, 155 (2d Cir. 2006). Additionally, conversion provides notice and allows the non-moving party to contest the evidence submitted by the movant. *Id*.

A district court must provide adequate notice of the conversion and allow the parties a reasonable opportunity to submit materials to support or oppose summary judgment. *Hilfirty v. Shipman*, 91 F.3d 573, 578 (3d Cir. 1996) (quoting *Rose v. Bartle*, 871 F.2d 331, 342 (3d Cir. 1989). Notice must be unambiguous, it must "fairly apprise" the parties of the court's intent to convert the motion to dismiss to a motion for summary judgment, and it should be expressly provided by the court. *In Re Rockefeller Ctr. Prop., Inc. Sec. Litig.*, 184 F.3d 280, 288 (3d Cir. 1999). Further, courts have incorporated the notice provision of Federal Rule of Civil Procedure 56 into the "reasonable opportunity" language of 12(d). *Hancock Indus., Inc. v. Schaeffer*, 811 F.2d 225, 229 (3d Cir. 1987). Therefore, the parties are generally entitled to ten days in which to submit material pertinent to the converted motion for summary judgment. *Id*.

The defendants in this action refer to exhibits attached to their motions as evidence that Dorsey has failed to exhaust her administrative remedies. Specifically, the defendants ask us to consider Dorsey's grievance file. The defendants contend that the court may permissibly use the exhibits in evaluating

whether Dorsey exhausted her administrative remedies in the context of a motion to dismiss. Although in some cases it may be appropriate for a court to consider indisputably authentic records in order to address exhaustion of administrative remedies as part of ruling on a motion to dismiss, the court finds that in this case the better course is to convert the motion to a motion for summary judgment. By proceeding in this cautious manner, the defendants will be given an opportunity to present evidence in support of their affirmative defenses, and the plaintiff will be required to respond to such evidence, or to demonstrate why she cannot adequately respond without undertaking some pointed discovery into the issues that the defendants have raised.

    The court recognizes that in *Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2004), the Court of Appeals specifically addressed the issues of whether a court may consider a failure-to-exhaust defense when ruling on a motion to dismiss. In *Spruill*, the court observed that "[g]iven that the exhaustion issue turns on the indisputably authentic documents related to Spruill's grievances, we hold that we may also consider these without converting it to a motion for summary judgment." *Id.* at 223 (citing *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003)). *See also Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002) ("In appropriate cases, failure to exhaust may be raised as the basis for a motion to dismiss."); *Ray v. Kertes*, 285 F.3d 287, 293 n.5 (3d Cir. 2002) (noting that

motions to dismiss may be based on failure to exhaust grounds in certain instances).

To support their claim that Dorsey did not exhaust her administrative remedies, the defendants argue that their exhibits demonstrate that after her grievances were rejected, Dorsey failed to appeal to SOIGA for final review. Further, the defendants claim that the grievance file demonstrates that Dorsey knew or should have known that she had to complete this final step. While we appreciate the need to consider the grievance file, those exhibits are neither integral to Dorsey's complaint nor explicitly relied upon in the complaint. Although this is a something of a close case, particularly since Dorsey has not done very much to challenge the accuracy of the defendants' representations regarding the grievances, the court finds that the most prudent course, and the fairest, is to convert the motions to dismiss into motions for summary judgment, provide the parties additional time to supplement their respective positions and marshal evidence bearing on questions of exhaustion and the statute of limitations, and then for the undersigned to prepare a report and recommendation addressing the motions under the standards prescribed by Rule 56. To rule on defendants' motion as filed risks the court being forced to make a number of assumptions, particularly since to rule in this fashion would have the court consider documents that fall outside of the pleadings, and more importantly to assume the accuracy of those documents and

their completeness, and that no other avenues of recourse were available to Dorsey or pursued – something that would effectively have the court ignore Dorsey's allegations and her counsel's suggestion that he needs to take some limited discovery to respond effectively.  Conversion of the motion addresses this risk and ensures fairness for all parties.

### C. Notice of Conversion

In order to convert the defendants' Rule 12(b)(6) motions to dismiss into Rule 56 motions for summary judgment, the court is enjoined first to provide adequate, express notice regarding the conversion. Fed. R. Civ. P. 12(d). Accordingly, this will serve as express notice of the court's decision to convert all three of the defendants' motions to dismiss into motions for summary judgment and it is ORDERED that the motions are so converted.

In order to provide the parties a reasonable opportunity to supplement and contest the converted motions, IT IS FURTHER ORDERED THAT the defendants shall be permitted to file any supplemental material, including additional briefing or affidavits and other evidence supporting their motions, on or before **Thursday, November 3, 2016**.  IT IS FURTHER ORDERED THAT the plaintiff shall

supplement her responses to the dispositive motions on or before **Thursday, November 24, 2016**.[5]

Given the conversion of these motions into motions for summary judgment the plaintiff's motions for discovery (Docs. 14 and 26.) are DISMISSED as moot, and the plaintiff is instructed to proceed in the manner prescribed by Rule 56(d).

So Ordered this 20th day of October 2016.

*s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

---

[5] The Court recognizes that the plaintiff has indicated that she requires some discovery in order to contest the defendants' assertions regarding the statute of limitations defense and the defendants' argument that this action must be dismissed for failure to exhaust administrative remedies. The Court notes that Rule 56(d) specifically allows for a nonmovant to show with specificity why she is unable to present facts to oppose a motion for summary judgment. In such cases, the nonmoving party must show "by affidavit or declaration, for specified reasons, [why] it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). In such cases, courts may take an appropriate action, including deferring consideration of the motion, denying it, or allowing time for discovery. *Id.* In such cases, however, the Third Circuit has instructed that "a party seeking further discovery in response to a summary judgment motion [must] submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *Pa. Dep't of Pub. Welfare v. Sebelius*, 674 F.3d 139, 157 (3d Cir. 2012) (quoting *Dowling v. City of Phila.*, 855 F.2d 136, 139-40 (3d Cir. 1998)). Because the defendants have made straightforward assertions regarding the expiration of the statute of limitations and the plaintiff's asserted failure to exhaust administrative remedies, the plaintiff is advised that if she responds by way of a Rule 56(d) affidavit, she must specify what kind of discovery she would require in order to respond, and what she expects that evidence would show in order to defeat the defendants' motions.