IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TARA DORSEY** | : | **Civil No. 1:16-cv-0588** |
| **Plaintiff,** | : | |
| v. | : | |
| **PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al.,** | : | |
| **Defendants.** | : | **Judge Sylvia H. Rambo** |

## M E M O R A N D U M

Before the court is a Report and Recommendation filed by the Magistrate Judge in which he recommends that Plaintiff Dorsey's complaint filed pursuant to 42 U.S.C. § 1983 be dismissed because the action is time barred under the statute of limitations. (Doc. 51.) Plaintiff filed objections to the Report and Recommendation (Doc. 52-53) and Defendants filed a joint response. (Doc. 54.)

### I. Background

Plaintiff was an inmate at SCI-Muncy and SCI-Cambridge Springs. (Doc. 49, ¶¶ 5, 14.) Prior to incarceration, she experienced complex regional pain syndrome and had a spinal cord stimulator implanted. (*Id.* at ¶¶ 3-4.) While in prison, she suffered an injury which exacerbated her pain. (*Id.* at ¶ 7.)

On December 4, 2012, Plaintiff was seen by a neurosurgeon, Dr. William Diefenbach, who concluded that her pain was caused by a defective stimulator device and recommended its removal. (*Id.* at ¶¶ 18-19.) In April 2013, a

representative of the medical device manufacturer also advised Plaintiff of the possibility of nerve damage due to the positioning of the device in her back. (*Id.* at ¶¶ 21-22.) In September 2013, medical personnel at SCI-Muncy informed Plaintiff that her scheduled surgery would be cancelled as the operation was too costly. (*Id.* at ¶ 25.)

## II. Argument

The Magistrate Judge opined that through Plaintiff's own declaration (Doc. 49), she was aware of her injury and its purported cause between December 2012 and September 2013, but did not file this action until April 8, 2016. (Doc. 51, p. 21.) The Magistrate Judge held that neither the discovery rule nor the continuing violation doctrine are equitable exceptions to the timely filing requirement. (Doc. 51, pp. 15-16.) Plaintiff appears to argue that until the medical device was removed, and proven to have been the cause of her pain, her cause of action did not accrue. (*See* Doc. 53.) This position would turn on its head the applicable legal precedent of equitable tolling.

Numerous cases cited by the Magistrate Judge supports the principle that the period runs from the time Plaintiff reasonably should have known that Defendants were deliberately indifferent to her serious medical need, and not from the time the full extent of the precise medical cause of the injury was known. (Doc. 51, pp. 17-18.)

It is clear from the record that Plaintiff became aware of her injury at least between December 2012 and September 2013, at which point she was informed by prison officials that her operation would not be performed. At that point, she wrote to the Superintendent of the institution and other department heads about her pain and the failure of the Department of Corrections to provide medical treatment. (Doc. 49, ¶ 25.)

### III. Conclusion

For the reasons stated herein, the Report and Recommendation will be adopted.

                                                    s/Sylvia Rambo  
                                                    SYLVIA H. RAMBO  
                                                    United States District Judge

Dated: January 4, 2017